UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TODD D. STOVER,**

        **Plaintiff,**                            Case No. 2:17-cv-547
    **v.**                                     Chief Judge Edmund A. Sargus, Jr.
                                           Magistrate Judge Kim Jolson

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

## OPINION AND ORDER

Plaintiff, Todd D. Stover, brings this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for Social Security Disability Insurance Benefits. This matter is before the Court on the Commissioner's Objection (ECF No. 14) to the Report and Recommendation issued by the United States Magistrate Judge on February 27, 2018 (ECF No. 12), recommending that the Court reverse the Commissioner's non-disability finding and remand this case to the Commissioner and the Administrative Law Judge ("ALJ") under Sentence Four of § 405(g). For the reasons set forth below, the Court **OVERRULES** the Commissioner's Objection, **ADOPTS** the Magistrate Judge's Report and Recommendation, **REVERSES** the Commissioner's non-disability finding, and **REMANDS** this case to the Commissioner and the ALJ under Sentence Four of § 405(g) for further consideration consistent with the Magistrate Judge's Report and Recommendation and this Opinion and Order.

I.

Plaintiff filed applications for Title II Social Security Disability Benefits and Title XVI

Supplemental Security Disability Benefits on July 30, 2013, and August 5, 2013, respectively, alleging disability since May 24, 2012. (*See* ECF No. 8, Tr. 76–105, PAGEID #: 114–43.) Plaintiff's claims were denied initially on November 20, 2013 (*id.*, Tr. 136–142, PAGEID #: 174–80), and upon reconsideration on February 24, 2014 (*id.*, Tr. 147–53, PAGEID #: 185–91). He filed a Request for Hearing on March 20, 2014. (*Id.*, Tr. 158–59, PAGEID #: 196–97.)

The ALJ held an administrative hearing by videoconference on December 3, 2015. (*Id.*, Tr. 42, PAGEID #: 80.) On April 19, 2016, the ALJ issued an unfavorable decision. (*Id.*, Tr. 21, PAGEID #: 59.) Plaintiff requested review of the administrative decision to the Appeals Council (*id.*, Tr. 20, PAGEID #: 58), which denied his request on April 27, 2017, and adopted the ALJ's decision as the Commissioner's final decision (*id.*, Tr. 1, PAGEID #: 39).

Plaintiff filed this case on June 23, 2017 (ECF No. 1), and the Commissioner filed the administrative record on September 8, 2017 (ECF No. 8). Plaintiff filed a Statement of Specific Errors (ECF No. 9), the Commissioner responded (ECF No. 11), and Plaintiff filed a Reply (ECF No. 12). On February 27, 2018, the Magistrate Judge issued her Report and Recommendation. (ECF No. 13.) The Magistrate Judge accurately described the ALJ's opinion as follows:

> The ALJ found that Plaintiff suffered from the following severe impairments: diabetes mellitus with neuropathy, carpal tunnel syndrome, rheumatoid arthritis, seizures, obesity, mood disorder, anxiety disorder, and attention deficit disorder. (ECF No. 8, Tr. 26, PAGEID #: 64.) The ALJ held, however, that Plaintiff did not have an impairment or combination of impairments that met or equaled a listing. (*Id.*, Tr. 27, PAGEID #: 65.)
>
> As to Plaintiff's residual functional capacity ("RFC"), the ALJ stated:
>
> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with the following limitations: he can occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds. He can occasionally balance, stoop, kneel, crouch, and crawl. *He can frequently handle*

*and finger bilaterally.* He must avoid all exposure to hazards, unprotected heights, and dangerous machinery. He cannot perform jobs that require driving. Mentally, the claimant is limited to simple, routine, repetitive tasks.

(*Id.*, Tr. 29, PAGEID #: 67) (emphasis added). In reaching this decision, the ALJ stated that the "objective medical evidence of record [was] inconsistent with the claimant's subjective allegations of pain and limitation." (*Id.*, Tr. 30, PAGEID #: 68.)

In terms of weight given to the physicians, the ALJ assigned "significant weight" to the state agency consultants Dr. Leigh Thomas and Dr. Gerald Klyop, who stated that Plaintiff could perform light work with frequent handling and fingering. The ALJ stated that their opinions were "overall consistent with the record, including the examination findings and reports of improvement." (*Id.*, Tr. 33, PAGEID #: 71.) Some weight was given to Dr. Woodard's opinion that Plaintiff's ability to lift, grasp, and work overhead were limited. (*Id.*) According to the ALJ, Dr. Woodard's opinion was "vague and did not correlate to specific functional limitations," but nonetheless, his opinion was found by the ALJ not to be inconsistent with the RFC. (*Id.*) Dr. Parsley's opinion was found to be "vague and [d]id not correlate to specific functional limitations; however, it [was] not entirely inconsistent with the [] RFC and [was] thus given some weight" by the ALJ. (*Id.*, Tr. 33–34, PAGEID #: 71–72.)

Finally, the ALJ declined to give controlling weight to Dr. Bailes:

Little weight is given to James Ballas [sic], Jr., M.D., who wrote a letter dated October 29, 2014 in which he opined the claimant could perform a job where he was giving advice over the phone as long as he had the ability to take breaks ever hour or two (9F/3). He added the claimant could not perform with regularity or (sic) any physical or manual labor (*Id.*). He completed a Medical Source Statement in which he opined the claimant could occasionally lift up to 5 pounds, rarely lift up to 10 pounds frequently reach bilaterally, never handle, rarely finger, stand 1–2 hours, walk 1–2 hours, sit 2–4 hours, occasionally bend, squat, crawl, and climb steps, and never climb ladders (*Id.* at 45). Dr. Ballas' [sic] opinion appears to be based on subjective reports and not objective evidence, which shows relatively normal physical and neurological findings and improvement in functioning. His limitations, particularly the handling and fingering limitations, are extreme and inconsistent with the claimant's activities of daily living and with the medical evidence of record, including the consultative internal medicine examination findings.

3

> (*Id.*, Tr. 33, PAGEID #: 71.)
>
> > The ALJ reiterated his finding that the alleged severity of Plaintiff's impairments were inconsistent with his own reports of activities of daily living, while noting that Plaintiff "remains fairly active, as he is able to care for his children and assist with household chores." (*Id.*, Tr. 32, PAGEID #: 70.) Further, the ALJ relied on the fact that Plaintiff states that he reads, listens to music, occasionally visits with friends, is able to maintain personal care, grocery shop, can manage personal finances, and attends church, as evidence to suggest he is not as limited as alleged. (*Id.*)

(Report and Recommendation at 10–11, ECF No. 13.)

After a thorough analysis, the Magistrate Judge concluded that the ALJ erred in his application of the proper legal standards applicable to the evaluation of the claimant's treating physician, James R. Bailes, Jr. M.D. The Magistrate Judge recommended reversing the Commissioner's non-disability finding and remanding the case to the Commissioner and the ALJ.

On March 5, the Commissioner timely filed his Objection (ECF No. 14), arguing that "[t]he R&R applies the treating physician rule too rigidly," because "substantial evidence supports the ALJ's overall evaluation of Dr. Bailes' opinion." (Objection at 1, ECF No. 14.) Plaintiff responded to the Objection on March 19, 2018. (ECF No. 15.)

## II.

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b) (1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The

Court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also,* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive").

### III.

In his Statement of Specific Errors, Plaintiff asserts three assignments of error, only one of which is the basis of the Magistrate Judge's Report and Recommendation. Specifically, Plaintiff contends that the ALJ failed to properly evaluate the opinion of his treating physician, Dr. Bailes.

#### A.   Treating Physician Rule[1] / Good Reasons Rule

Two related rules govern how an ALJ is required to analyze a treating physician's opinion. *Dixon v. Comm'r of Soc. Sec.*, No. 3:14-cv-478, 2016 WL 860695, at *4 (S.D. Ohio Mar. 7, 2016). The first is the "treating physician rule." *Id.* The rule requires an ALJ to "give controlling weight to a treating source's opinion on the issue(s) of the nature and severity of the claimant's impairment(s) if the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013) (quoting 20 C.F.R. § 404.1527(c)(2)) (internal quotation marks omitted).

Closely associated is "the good reasons rule," which requires an ALJ always to give "good reasons . . . for the weight given to the claimant's treating source opinion." *Dixon*, 2016

---

[1] Effective March 27, 2017, the Social Security Administration's new regulations alter the treating physician rule in a number of ways. *See* 20 C.F.R. §§ 404.1527, 416.927 (2016).

5

WL 860695, at *4 (quoting *Blakley*, 581 F.3d at 406 (alterations in original)); 20 C.F.R. § 404.1527(c)(2). *Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 550–51 (6th Cir. 2010). In order to meet the "good reasons" standard, the ALJ's determination "must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Cole*, 661 F.3d at 937.

> The requirement of reason-giving exists, in part, to let claimants understand the disposition of their cases, particularly in situations where a claimant knows that his physician has deemed him disabled and therefore "might be especially bewildered when told by an administrative bureaucracy that she is not, unless some reason for the agency's decision is supplied. The requirement also ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule.

*Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (internal citation and quotation marks omitted). The treating physician rule and the good reasons rule together create what has been referred to as the "two-step analysis created by the Sixth Circuit." *Allums v. Comm'r of Soc. Sec.*, 975 F. Supp. 2d 823, 832 (N.D. Ohio 2013).

Remand may be appropriate when an ALJ fails to provide adequate reasons explaining the weight assigned to the treating physician's opinion, even though "substantial evidence otherwise supports the decision of the Commissioner." *Kalmbach v. Comm'r of Soc., Sec.*, 409 Fed.Appx. 852, 860 (6th Cir. 2011); *Bernola v. Commr. of Soc. Sec.*, 127 F. Supp. 3d 857, 862 (N.D. Ohio 2015).

**B.    Proper Application**

Plaintiff argues that the ALJ erred in the required two-step analysis because the reasons given for assigning Dr. Bailes' opinion only "little weight"—specifically, that it was based only on subjective evidence and not consistent with the medical record or Plaintiff's daily activities—

were inaccurate. (*See* ECF No. 9 at 5–10.) The Commissioner responds that "the Sixth Circuit "has consistently stated that [the Commissioner] is not bound by the treating physician's opinions, and that such opinions receive great weight only if they are supported by sufficient clinical findings and are consistent with the evidence." (Opp. to Statement of Specific Errors at 13–14) (citing *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 652 (6th Cir. 2006) (en banc)). The Commissioner argues that, "[h]ere, the ALJ reasonably afforded little weight to Dr. Bailes' opinion, and sufficiently articulated his rationale for doing so (Tr. 33)." *Id.* at 14. This Court, however, disagrees.

In her well-reasoned opinion, the Magistrate Judge properly explained that there are several reasons that support the conclusion that Dr. Bailes' opinion is consistent with the objective evidence of record, and therefore, should have been afforded controlling weight. Carefully reviewing *de novo* the record, this Court finds the Magistrate Judge's assessment of the evidence accurate and adopts it here:

> First, contrary to the ALJ's conclusion, the objective record evidence does in fact support Dr. Bailes' opinion. Dr. Bailes' treatment notes spanning several years demonstrate Plaintiff's continuing difficulties with his Type 1 diabetes and document a history of diabetic neuropathy. (*Id.*, Tr. 491, 493–500, 589, 600–05, PAGEID #: 529, 531–38, 627, 638–643). These issues are consistent with Dr. Bailes' opinion that Plaintiff was unable to perform activities with his hands that require dexterity, that he was unable to perform any handling with either hand, and that he was extremely limited in fingering activities like picking or pinching. (*Id.*, Tr. 484–86, PAGEID #: 532–34). Further, the record is replete with documentation regarding Plaintiff's neuropathy in both his upper and lower extremities, consistent pain in his hands, and limitations in fingering and handling. (*See, e.g., id.*, Tr. 259, PAGEID #: 397 (October 2012 treatment notes stating
>
> Plaintiff "has neuropathy and has been in pain since 17"); *id.*, Tr. 386, PAGEID #: 424 (April 2013 surgical evaluation for Plaintiff's "persistent bilateral hand pain and numbness"); *id.*, Tr. 445, PAGEID #: 483 (October 2013 evaluation in which Plaintiff reported problems moving his hands, arms and

7

fingers); *id.*, Tr. 470–71, PAGEID #: 508–09 (February 2014 treatment notes stating that Plaintiff has severe pain, as well as trouble with hands and wrists)). Moreover, examining physician Dr. Woodard opined that Plaintiff was limited in his ability to lift and grasp and had decreased motor function in his hands, coupled with severe pain. (*Id.*, Tr. 470–71, PAGEID #: 508–09). In other words, the record is full of objective evidence consistent with Dr. Bailes' opinion regarding Plaintiff's fingering and handling limitations. The ALJ erred when he concluded otherwise.

Second, the ALJ stated that Plaintiff's "limitations, particularly the handling and fingering limitations, are extreme and inconsistent with the claimant's . . . medical evidence of record, including the consultative internal medicine examination findings." (*Id.*, Tr. 33, PAGEID #: 71). However, while Dr. Parsley stated that Plaintiff could write and pick up coins, she ultimately opined that Plaintiff did have an impairment in grasping, gripping, and handling objects and decreased grip strength. (*Id.*, Tr. 454–57, PAGEID #: 492–95). Further, she acknowledged that Plaintiff was reliable, and reported difficulty gripping and holding onto objects. (*Id.*, Tr. 451, PAGEID #: 489). Thus, the ALJ's insinuation that Dr. Parsley's opinion entirely undermines Dr. Bailes' opinion is not supported by the record.

Third, the ALJ's statement that objective evidence showed an "improvement in functioning" mischaracterizes the evidence. (*Id.*, Tr. 33, PAGEID #: 71). Although Plaintiff reported improvement in his hands a week after his CTS surgery, he consistently reported that the pain returned. (*See e.g., id.*, Tr. 445, PAGEID #: 483 (reporting problems moving his arms, hands, and fingers in October 2013; id., Tr. 451, PAGEID #: 489 (reporting problems holding on to objects and gripping, despite his surgeries earlier in the year); *id.*, Tr. 470–71, PAGEID #: 508–09 (treatment notes from February 2014 stating that Plaintiff has severe pain, as well as trouble with hands and wrists)). Additionally, the notion that medical records "reflect improvement in the claimant's diabetes" is incorrect. (*Id.*, Tr. 31, PAGEID #: 69). The ALJ stated that records dated September 3, 2014 describe the claimant's diabetes as "better." (*Id.* (citing 10F/4). Upon review, however, the September 3, 2014 records had the word "better" written on a blank space next to the word "Bolus/D," but nowhere in the notes was Plaintiff's diabetes described as better. (*Id.*, Tr. 491, PAGEID #: 529).

The rest of the ALJ's explanation similar falls short. The ALJ explained Dr. Bailes' opinion was given little weight, in part, because his fingering and handling limitations were inconsistent with his activities of daily living. (Id., Tr. 33, PAGEID #: 71). The ALJ offered no elaboration of what activities he was referring to, but he had previously stated that "the claimant's allegations about the severity of his physical and mental impairments are inconsistent with his own reports of activities of daily living." (*Id.*, Tr. 32, PAGEID #: 70). In support of

8

that contention, the ALJ cited the fact that Plaintiff was able to care for his children, assist with household chores, read, listen to music, visit with friends, maintain personal care, grocery shop, manage personal finances, and attend church. (*Id.*, Tr. 32, PAGEID #: 70). It is unclear, however, how the activities listed by the ALJ are incompatible with handling and fingering limitations. And Plaintiff's own testimony appears to be consistent with certain handling and fingering limitations, namely that his son must push the buttons while doing laundry, that Plaintiff loses his grip on things, and that he is unable to wear shirts that require buttons. (*Id.*, Tr. 59–61, PAGEID #: 97–99). Consistent with his testimony, Plaintiff explained in his function report that he was unable to button things, he needed help giving himself shots, he could not use hands long enough to cook by himself, and he was unable to do any house or yard work (*Id.*, Tr. 258–59, PAGEID #: 296–97).

(Report and Recommendation at 13–16, ECF No. 13.)

The Commissioner's arguments in his Objection, do nothing to cast doubt on this analysis. That is, the Commissioner frames the issue as a re-evaluation of the sufficiency of the evidence, focusing on the ALJ's reliance on other opinion evidence. However, before the Court is not simply a reevaluation of the record evidence. Instead, as Plaintiff correctly highlights:

> That is part of the error that the Magistrate Judge is pointing out. Treating source opinions are to be considered first, before all other opinion evidence, and evaluated for controlling weight. 20 C.F.R. § 404.1527(c)(2); *see also Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013). The ALJ was not allowed to simply jump to the nearest set of opinions and rely on them without first proper considering Dr. Bailes treating source opinions. The contrary opinion of a non-examining or non-treating source is not sufficient to be considered "other substantial evidence." *Gayheart*, 710 F.3d at 377.

(Pl.'s Resp. to Objection at 2, ECF No. 15.)

The Court concludes, as did the Magistrate Judge, that Dr. Bailes' opinion is not inconsistent with the other substantial evidence in the case record. The record citations and accompanying explanation the ALJ provided for discounting Dr. Bailes' 2014 letter are either inaccurate or do not undermine Dr. Bailes' opinion in the way the ALJ alleges. Therefore, the ALJ did not provide good reasons for assigning little weight to Dr. Bailes, and this error requires

9

reversal. *See, e.g., Johnson v. Comm'r of Soc. Sec.*, 652 F.3d 646, 652 (6th Cir. 2011) ("While the Commissioner contends that the ALJ gave 'good reasons' for his conclusion, in our view they are unsupported by the record as a whole and are clearly erroneous."); *Brooks v. Soc. Sec. Admin.*, 430 F. App'x 468, 481 (6th Cir. 2011) (holding the ALJ failed to "present *good reasons*," *id.* at 483, where, "[o]f the four 'good reasons' that the ALJ can be understood to have offered for his decision ..., two are not supported by the record"); *Wisecup v. Astrue*, No. 3:10CV00325, 2011 WL 3353870, at *8 (S.D. Ohio July 15, 2011) ("[T]he ALJ, did not identify a single inconsistent piece of medical evidence and, although the ALJ referred to Dr. Kirkwood's own records, the ALJ did not identify a single inconsistency emerging from those records.").

The Court further concludes that the ALJ's failure to give good reasons for rejecting the opinion of Dr. Bailes does not constitute *de minimis* or harmless error. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 547 (6th Cir. 2004). *De minimis* or harmless error occurs: (1) if a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it; (2) if the Commissioner adopts the opinion of the treating source or makes findings consistent with the opinion; or (3) where the Commissioner has met the goal of the procedural safeguard of the good reasons rule even though an ALJ has not complied with the express terms of the regulation. *Id.* at 547. None of those factors applies here. Consequently, there is no basis for finding harmless error.

## IV.

Based upon the foregoing, and pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, after a *de novo* determination of the record, this Court concludes that the Commissioner's objections to the Report and Recommendation of the Magistrate Judge are

10

without merit. The Court, therefore, **OVERRULES** the Commissioner's Objection (ECF No. 14), **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 13), **REVERSES** the Commissioner's non-disability finding, and **REMANDS** this case to the Commissioner and the ALJ under Sentence Four of § 405(g) for further consideration consistent with the Magistrate Judge's Report and Recommendation.

**IT IS SO ORDERED.**

7-24-2018
**DATE**

**EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**